**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

JAMES CHESTON,                 :
                               :    Civil Action No. 04-5509 (FLW)
          Petitioner,          :
                               :
     v.                        :          **O P I N I O N**
                               :
JOHN NASH, et al.              :
                               :
          Respondents.         :

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u>: | Counsel for Respondents: |
| James Cheston | Irene Dowdy |
| #40736-050 | Asst. U.S. Attorney |
| FCI Fort Dix | 402 East State Street |
| P.O. Box 7000/West | Room 430 |
| Fort Dix, NJ 08640 | Trenton, NJ 08608 |

**WOLFSON**, District Judge

Petitioner James Cheston, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Respondents filed a motion to dismiss in

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

response.  For the following reasons, Respondents' motion to dismiss will be granted.

## I.   BACKGROUND

On September 17, 2003, Cheston was convicted after a guilty plea and sentenced by the United States District Court, District of New Jersey, for possession of child pornography.  He received a sentence of 27 months imprisonment and three years supervised release.  (Petition, ¶¶ 3-5).

On October 24, 2004, the administrative staff at FCI Fort Dix informed Cheston that his projected release date is October 13, 2005, and that his "Pre Release Preparation Date" or "Six month/10% Date", in which he would be eligible for release to a Community Corrections Center ("CCC"), is "N/A."  (Pet. Appendix, Exhibit 1).  Cheston contends that his pre-release or transitional release date to CCC will not be determined until he is approximately 45 days from his release date, and that he would receive no more than five days in a CCC.  He argues that this demonstrates the BOP's strict application of the "10% date" based on the recent policy change by the BOP, rather than the last six months of his sentence, as was the BOP's prior, longstanding practice.  (Pet., Brief, p. 3).

Liberally construing the petition, Cheston alleges that the new policy change reversing the BOP's practice of allowing inmates to be eligible for CCC placement up to the last six

months of their sentence, regardless of the length of the sentence, is illegal. (Pet., ¶ 8). He also asserts that the December 20, 2002 OLC Memorandum restricting CCC designation to the last 10% of the prison sentence is illegal. (Pet. ¶ 9).

During the pendency of this action, however, the Bureau of Prisons issued new regulations regarding community confinement, including pre-release transfer to a CCC, which became effective on February 14, 2005. See 28 C.F.R. §§ 570.20, 570.21, 70 Fed. Reg. 1659, 1663 (Jan. 10, 2005).

Respondents filed a Motion to Dismiss on April 8, 2005, arguing that because Cheston's petition is directed solely to challenging the December 2002 policy change, which is no longer in effect due to the new regulations, the petition is moot and should be dismissed. Respondents state that the new regulations will be applied to Petitioner.

Petitioner has not responded to the Motion to Dismiss.

## II.  ANALYSIS

As noted above, Petitioner has been served with the motion to dismiss and has failed to respond to Respondents' claim that the petition is now moot. It is also apparent that the December 2002 policy will not govern the pre-release planning for Petitioner, who was incarcerated on February 14, 2005, the effective date of the new BOP regulations. See 70 Fed. Reg. 1659 (Jan. 10, 2005).

As Petitioner challenges only a policy that is no longer in effect, and does not challenge the policy that will govern his pre-release planning, Petitioner's claims are moot and the Petition must be dismissed.[2]

### III.  CONCLUSION

For the reasons set forth above, Respondents' Motion to Dismiss will be granted.  The Petition will be dismissed as moot. An appropriate order follows.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated: August 17, 2005

---

[2]  Further, this Court has recently held that the new regulations are valid.  See Woodall v. FBOP, 05-1542 (FLW).

4